| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC# _____<br>DATE FILED: 2/11/09 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LOURDES FLORES,                                :

               Plaintiff,          :          08 Civ. 11097 (LTS) (AJP)

       -against-                       :          **REPORT AND RECOMMENDATION**

NEW YORK CITY DEP'T OF EDUCATION    :
& UNITED BUS COMPANY,
                                         :

               Defendants.
                                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Laura Taylor Swain, United States District Judge:**

        By Order to Show Cause dated January 12, 2009, I directed pro se plaintiff Lourdes Flores to show cause by January 30, 2009 why the case should not be dismissed for lack of subject matter jurisdiction. (Dkt. No. 4: 1/12/09 Order to Show Cause.) Plaintiff Flores did not respond to my Order.

        Plaintiff Flores resides in Manhattan and thus presumably is a "citizen" of New York. The defendant New York City Department of Education also is a citizen of New York. Thus, diversity jurisdiction is lacking under 28 U.S.C. § 1332. Plaintiff's suit only asserts a claim under the N.Y.S. Human Rights Law, N.Y. Exec. Law §§ 290-97, and does not assert any claim under Title VII or any other federal statute. Accordingly, there is no federal question jurisdiction under 28 U.S.C. § 1331.

        This Court therefore lacks subject matter jurisdiction over this case.

H:\OPIN\

## CONCLUSION

The Court should dismiss this action for lack of subject matter jurisdiction (and for plaintiff's failure to obey court orders).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain, 500 Pearl Street, Room 755, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Swain (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated:   New York, New York
         February 11, 2009

Respectfully submitted,

Andrew J. Peck
United States Magistrate Judge

Copies to:   Lourdes Flores (Regular & Certified Mail)
             Judge Laura Taylor Swain

H:\OPIN\